# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| CAROLE A. FILBY, | No. 0:11-bk-34063-JMM |
| Debtor. | **MEMORANDUM DECISION** |

This case is related to the Assyrian Babylon, LLC chapter 11 case (0:11-bk-34059-JMM), but is not consolidated with it or its progress.

Assyrian Babylon is a chapter 11 reorganization, and it has filed a plan to reorganize with the court.

Ms. Filby, on the other hand, has filed a consumer Chapter 13 case, known colloquially as a "wage earners plan." A chapter 13 trustee has been appointed to administer her case. That person is Russell Brown.

Ms. Filby filed a chapter 13 plan on December 29, 2011 (ECF No. 17). To date, her individual plan has not been confirmed. A review of the plan shows it to be routine in nature, and reflects, on its face, no connection with the Assyrian Babylon reorganization. The plan mentions nothing about Assyrian Babylon or any collateral secured to any party.

The first hint of a connection appears in the Debtor's Schedule B (ECF No. 12) at item 13, where she shows ownership of 100% of the stock of Assyrian Babylon, with an "unknown" value." She also shows a receivable due her, by Assyrian Babylon, of $15,123.22.

The next clue is that Ms. Filby also lists Majid Jajo as a secured creditor, holding a disputed claim of $280,000.

Her last significant connection is as the "owner" of Assyrian Babylon, where she expects regular income of $2,500 per month, which monies will be used, in part, to fund her chapter 13 plan.

So, if Assyrian Babylon survives its bankruptcy case, so may Ms. Filby's case survive. Currently, though, it is unknown how she is supporting herself since the Assyrian Babylon bar is not operating and her Schedule J shows she needs $1,919.48 to survive each month. But, to date, the chapter 13 trustee has not filed a motion to dismiss. So, things are in flux for Ms. Filby's chapter 13.

This brings us to the matter of stay relief, filed by creditor Majid Jajo (ECF No. 39). The first problem is procedural--the court must have some indication by the chapter 13 trustee, as a party in interest, as to his view of the motion. Thus, until the trustee comments on the motion and is given an opportunity to respond or default, this court cannot grant any relief to Mr. Jajo.[1]

So, for now, all other issues are moot.

An order will be entered which denies Mr. Jajo's stay relief motion, without prejudice.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following:

Attorney for Debtor
Ronald W. Meyer, Attorney for Majid Jajo
Trustee
Office of the U.S. Trustee

---

[1] In some fashion, the same issue affects Ms. Filby's action against Mr. Jajo, Adversary No. 12-ap-658. The parties must be careful in using the bankruptcy court's limited jurisdiction to advance state law claims which may have little or no bearing on how a bankruptcy case is to proceed. Stern v. Marshall, 131 S. Ct. 2594 (2011). The trustee may wish to weigh in on this point.